IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-00107
(3:08-CR-00037)

| | |
|---|---|
| DEANGELO HANDY ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit for reconsideration of Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), in light of <u>Miller v. United States</u>, --- F.3d --- (4th Cir. 2013). (Doc. No. 15: Order). For the reasons that follow, the motion will be granted.

I. BACKGROUND

On May 8, 2008, Petitioner pled guilty to possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), without the benefit of a plea agreement. (Case No. 3:08-cr-37, Doc. No. 10: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to thirty-six months' imprisonment followed by three years' supervised release and entered judgment on December 31, 2008. (<u>Id.</u>, Doc. No. 15: Judgment). Petitioner did not appeal his conviction or sentence. He was released from confinement and began his term of supervised release on September 10, 2010. (<u>Id.</u>, Doc. No. 21: Order Modifying Conditions of Supervised Release).[1]

---

[1] Petitioner's term of supervised release was revoked on September 13, 2011. (Case No. 3:08-cr-37, Doc. No. 29: Judgment). Petitioner was released from confinement on the revocation sentence and began a new term of supervised release on November 12, 2001. (<u>Id.</u>, Doc. No. 31).

On February 6, 2012, Petitioner filed the instant § 2255 motion claiming he is not a felon under § 922(g)(1) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his predicate convictions for Larceny of Motor Vehicle and Attempted Common Law Robbery did not expose him to more than one years' imprisonment. (Doc No. 1 at 2). The Court denied the motion on June 10, 2013, on the basis of United States v. Powell, 691 F.3d 554 (4th Cir. 2012) and unpublished decisions of the Fourth Circuit finding Simmons not retroactively applicable to cases on collateral review. (Doc. No. 10: Order at 5-6). The Fourth Circuit vacated that Order and remanded the case for reconsideration in light of its published decision in Miller v. United States, --- F.3d --- (4th Cir. 2013). (Doc. No. 18: Order).

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A.  Relief under 28 U.S.C. § 2255

---

(n.1 cont.)
After a second revocation petition was filed, (Id., Doc. No. 31), Petitioner filed the instant Motion to Vacate. (Id., Doc. No. 37). The Court again found Petitioner in violation of the conditions of his release, sentenced him to five month's incarceration and two years' supervised release, and entered Judgment on May 25, 2012. (Id., Doc. No. 41). The defendant's appeal of that sentence was held in abeyance by the Fourth Circuit pending resolution of the instant Motion to Vacate. (Id., Doc. No. 42: Notice of Appeal; Doc. No. 48: Order). Now, a third petition has been filed to revoke supervised release. (Id., Doc. No. 54).

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for the filing of a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive "in the interests of justice." (Doc. No. 5: Amended Response at 1). Petitioner has been released from custody, but he remains on supervised release and stands convicted of a federal felony. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason and in light of the Government's waiver of the statute of limitation defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, --- F.3d ---, slip op. at 12 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id.

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior convictions could not have resulted in a sentence of more than one year in prison. (Doc. No. 1: Motion at 1-2, Exhibits 1, 2; Doc. No. 5: Amended Response at 2). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur in the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his criminal conviction in Case No. 3:08-CR-37, (Doc. No. 1), is **GRANTED**, and Petitioner is discharged.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge